**SEYFARTH SHAW** LLP ATTORNEYS

620 Eighth Avenue

New York, New York 10018

(212) 218-5500

fax (212) 218-5526

www.seyfarth.com

Writer's direct phone
(212) 218-5629

Writer's e-mail
rwhitman@seyfarth.com

December 27, 2012

VIA ECF

The Honorable A. Kathleen Tomlinson
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-4438

    Re:    *Perez v. Allstate Insurance Company,* 11-CV-1812 (JB) (AKT)

Dear Judge Tomlinson:

    We are counsel to Allstate Insurance Company ("Allstate") in the above matter. We write to oppose Plaintiffs' request to restrict Allstate from conducting depositions of opt-in Plaintiffs of its choosing.

    Given the 91-person collective in this action, Allstate's proposal to select 18 opt-ins for depositions is reasonable and will allow it the opportunity to obtain evidence for future motion practice and trial, explore whether the collective is similarly situated, and evaluate its defenses for purposes of liability exposure and settlement. Plaintiffs have not offered any persuasive reason why Allstate's proposal should be denied.

    While courts have permitted representative sampling when class sizes are extremely large, there is no bright-line formulation for determining the exact percentage of opt-ins to depose or for the exact requirements of the selection process. *See Reich v. S. New Eng. Telcomms. Corp.*, 121 F.3d 58, 68 (2d Cir. 1997) ("Our focus is not on the numbers in isolation but on whether the district court could reasonably conclude that there was sufficient evidence to show the amount and extent of…[uncompensated] work as a matter of just and reasonable inference."). Given the size of the collective here, deposing 18 opt-ins would be appropriate and not unduly burdensome.

    For example, in *Rosen v. Reckitt & Colman, Inc.,* 1994 WL 642534 at *4 (S.D.N.Y. 1994), the court permitted depositions of 100% of the class of 49 opt-ins because the anecdotal evidence the defendant sought "may be sparsely distributed among members of the plaintiff class, yet it may also be highly probative of the issue" raised by the merits of the plaintiffs' claims. The court reasoned that if it limited the defendant even to a statistically significant subset of the opt-ins, "exculpatory information might go entirely undiscovered." *Id.* The court

LONDON   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA

15137687v.1


ultimately held that "fairness therefore mandates that [the defendant] be granted an opportunity to depose each member of this relatively small plaintiff class." *Id*. Similarly, in *Krueger v. New York Tel. Co.*, 163 F.R.D. 446, 451-52 (S.D.N.Y. 1995), the court authorized discovery to all 162 opt-in plaintiffs and permitted 33 (about 20%) to be deposed.[1]

Allstate's proposal here (18 depositions of 91 opt-ins) is more streamlined than in *Rosen* and *Kreuger*. It is not seeking to depose all or even close to a majority of the opt-ins. It has also agreed, in discussions with Plaintiffs' counsel, to forego interrogatories and document requests for the opt-ins, to depose the opt-ins near their home/work locations, and to produce relevant documents one week prior to any depositions. Its proposal for opt-in discovery is consistent with the need to bring fact discovery to a close relatively quickly and with Allstate's due process right to a full and fair exploration of the claims of the individual opt-ins.

Plaintiffs, for their part, do not contend that 18 is an unreasonable number of depositions. Rather, they believe that they should have the opportunity to select half of the deponents, or alternatively to remove the parties' ability to choose deponents entirely by means of random selection. Yet the cases they cite are distinguishable because they involved large opt-in collectives where depositions of all or a sufficient sub-set of the opt-ins was not feasible and random selection was likely to result in statistically defensible results.[2]

Further, most of Plaintiffs' cited cases did not involve issues of exempt/nonexempt status, and thus did not require an examination of the opt-ins' specific duties and responsibilities, the extent of their individual discretion, and whether they are similarly situated on a nationwide basis, among other facts.[3] Allstate believes that the opt-ins' job experiences may vary materially based on factors such as geographic location, years of experience, and

---

[1] *See also Kass v. Pratt & Whitney*, 1991 WL 158943 at *5 (S.D. Fla. 1991) (authorizing individualized discovery from all 100 opt-in plaintiffs); *Brooks v. Farm Fresh, Inc.*, 759 F. Supp. 1185, 1188 (E.D. Va. 1991) (authorizing depositions of all 127 opt-in plaintiffs and allowing individualized discovery to determine whether plaintiffs were "similarly situated"), *rev'd on other grounds sub nom. Shaffer v. Farm Fresh, Inc.*, 966 F.2d 142 (4th Cir. 1992); *Renfro v. Spartan Computer Services, Inc.*, 2008 WL 821950 at *3 (D. Kan. 2008) (rejecting argument that 27 depositions for opt-in class of 136 was unduly burdensome or inefficient).

[2] *See Smith v. Family Video Movie Club, Inc.*, 2012 WL 4464887, at *2 (N.D. Ill. 2012) (defendant sought to depose more than 200 of 828 opt-ins; court permitted written discovery of 166); *Craig v. RiteAid Corp.*, 2007 WL ___ (M.D. Pa. 2007) (approving "representative discovery" in action with 1,073 opt-ins); *Mims v. Carrier Corp.*, 2010 WL ___ (E.D. Tex. 2010) (parties permitted to depose 128 of 1,769 opt-ins); *Abadeer v. Tyson Foods, Inc.*, 2009 WL 4110295 at *5 (M.D. Tenn. 2009) (class of more than 4,000); *Plaseyed v. PCA Nat'l LLC*, 2005 WL ___ (S.D. Fla. 2005) (1,560 class members).

[3] *See Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 174 (N.D. Ill. 1992) (noting "little factual dispute over the duties individual plaintiffs performed"); *Donovan v. Bel-Lock Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985) (identical issue for all opt-ins: whether they were compensated for 30 minutes of time worked during meals breaks); *Reich*, 121 F.3d 58, 68 (2d Cir. 1997) ("job and site-specific findings were not required"); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (issue was whether plaintiffs worked 56 minutes more per day than credited).

15137687v.1



The Honorable A. Kathleen Tomlinson
December 27, 2012
Page 3

other individualized factors, and that its defenses to their claims may depend in significant part on these distinctions.

 Given this potential for variation in employees' experiences, a random sample of 18 out of 91 opt-ins could deprive Allstate of access to highly relevant information. Moreover, Allstate should have the ability to select its deponents without having to cede that privilege to Plaintiffs' counsel or the luck of the draw. If Plaintiffs wish to select opt-ins for depositions, they may do so as well, consistent with the constraints of resources and scheduling, but none of their selections should impede Allstate's.[4] However, we note that Plaintiffs have stated that they wish to conduct 30(b)(6) depositions of a manager from each deponent's office, underscoring the fact that they are less concerned with costs and efficiencies than they are with obtaining a tactical advantage.

 Plaintiffs and their counsel have unfettered, confidential access to 100% of the opt-in collective, while Allstate has access only to the individuals it is able to depose. Accordingly, we respectfully request that the Court grant Allstate the right to depose up to 18 opt-in plaintiffs of its choosing.

 On behalf of Allstate, we thank the Court for its consideration.

Respectfully submitted,

SEYFARTH SHAW LLP

/s/ *Robert S. Whitman*

Robert S. Whitman

cc: Plaintiffs' counsel (via ECF)

---

[4] For example, any depositions Plaintiffs take should not cause a scheduling bottleneck that would preclude completion of Allstate's depositions by the deadline imposed by this Court, nor should Plaintiffs' selection of any particular opt-in reduce the number that Allstate may select.

15137687v.1