**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
MARIA VICTORIA PEREZ and KAELA R.M.
BROWN, individually and on behalf of all others
Similarly situated,

                      Plaintiffs,

        - against -

ALLSTATE INSURANCE COMPANY,

                      Defendant.
-----------------------------------------------------------X

**ORDER**

CV 11-1812 (JFB) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

Presently before the Court in this Fair Labor Standards Act ("FLSA") case is Plaintiffs' motion regarding the selection of opt-in Plaintiffs for depositions. DE 107. On June 26, 2012, Judge Bianco granted Plaintiffs' motion for conditional certification and court-authorized notice pursuant to § 216(b) of the FLSA. *See* Electronic Order, June 26, 2012. The Notice to class members concerning the litigation was sent out on August 31, 2012. Ninety individuals opted into the case by submitting consent to join forms. *See* DE 107. In November 2012, Defendant's counsel proposed that discovery be served on up to 18 opt-ins and that those 18 opt-ins be deposed. Plaintiffs agreed to a maximum of 18 opt-in plaintiff depositions. *See id.* The parties also agreed that opt-ins should not be required to respond to interrogatories and that the Defendant must produce documents related to each opt-in at least one week prior to the deposition of the respective opt-in. However, the parties disagree about how to select the opt-ins for deposition.

Plaintiffs initially proposed that the opt-ins be selected randomly and Defendant rejected that proposal. Plaintiffs then proposed that each side select an equal number of opt-ins.

Defendant rejected that proposal as well.  Defendant's counsel assets that his client should be permitted to unilaterally select the opt-ins subject to individual discovery.  Plaintiffs oppose any unilateral selection.

As a result, Plaintiffs now urges the Court to reject Defendant's "attempt to undermine the representative nature of the collective action process by unilaterally selecting opt-ins to depose."  DE 107 at 2.  According to Plaintiffs, "such a selection method would not provide the Court or the fact finder with a representative – or even useful – sample of opt-in testimony."  *Id*.  Defendant argues that since the notice yielded a 91-person collective, "Allstate's proposal to select 18 opt-ins for depositions is reasonable and will allow it the opportunity to obtain evidence for future motion practice and trial, explore whether the collective is similarly situated, and evaluate its defenses for purposes of liability exposure and settlement." DE 108 at 1.

The Plaintiffs now request that the Court order the parties to agree "on a random sampling methodology for selecting opt-in plaintiffs for depositions, or, in the alternative, directing that each side designate an equal number of plaintiffs for depositions, not to exceed eighteen . . ." *Id.*  Defendant's counsel opposes the motion, arguing that Allstate should be permitted to conduct depositions of opt-in Plaintiffs of its choosing.  DE 108.

The Court has reviewed the arguments and case law provided by counsel for both sides and has also conducted its own research.  Initially, the Court notes that there does not seem to be a disagreement with regard to the number of depositions, namely, 18.  Rather, the issue is how the 18 opt-in this are selected.  Plaintiffs emphasize that "[a]n important part of managing opt-in discovery in FLSA collective actions is ensuring that the subset selected for discovery be 'fairly representational.'"  DE 107 at 2 (quoting *Donovan v. Bel-Lock Diner, Inc*., 780 F.2d 1113, 1116

2

(4th Cir. 1985)).  On the other hand, Defendant asserts that "[w]hile courts have permitted representative sampling when class sizes are extremely large, there is no bright-line formulation for determining the exact percentage of opt-ins to depose or for the exact requirements of the selection process."  DE 108 (citing *Reich v. S. New England Telcomms. Corp.*, 121 F.3d 58, 68 (2d Cir. 1997).  Plaintiffs rely on a number of cases from other jurisdictions which, although somewhat persuasive, are not binding on this Court.  Meanwhile, Defendant maintains that the cases relied upon by the Plaintiffs did not involve issues of exempt/non-exempt status nor an examination of the opt-ins' specific duties and responsibilities and whether they are similarly situated on a nationwide basis.  DE 108 at 2.

Plaintiffs also acknowledge that courts have "broad discretion" to manage the discovery process, citing *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F.Supp. 2d 445, 448 (S.D.N.Y. 2011).  In general, courts in the Second Circuit have permitted defendants in FLSA class actions to select opt-in plaintiffs for depositions.  *See Ravenell v. Avis Budget Group, Inc.*, No. 08-CV-2113, 2012 WL 1150449, at *1 (E.D.N.Y. Jan 27, 2012) (indicating that defendants in FLSA action chose 20 individual plaintiffs for depositions); *see also Shabazz v. Morgan Funding Corp.*, 269 F.R.D. 245, 248-50 (S.D.N.Y. 2012) (noting that defendants in FLSA action were "asked to identify ten [p]laintiffs to depose" out of 79); *Higueros v. New York State Catholic Health Plan, Inc.*, No. CV 07-418, 2009 WL 3463765, at *1-2 (E.D.N.Y. Oct. 21, 2009) (denying defendant's motion to depose all 47 opt-in plaintiffs in FLSA action, finding 13 depositions chosen by defendant sufficient); *Ayers v. SGS Control Services*, No. 03 Civ. 9078, 2006 WL 1519609, at * (S.D.N.Y. Apr. 3, 2006) (noting that defendants in FLSA class action could choose other class members to depose if certain plaintiffs failed to appear for the

depositions, since plaintiffs should be able to give consistent testimony on class-wide issues); *Realite v. Ark Restaurants Corp.*, No. 97 CIV. 7756, 2000 WL 461694, at *1 (S.D.N.Y. Apr. 24, 2000) (allowing defendants to notice a maximum of 28 depositions out of 230 class action plaintiffs).

Given the relevant case law and the number of depositions at issue here, the Court finds no basis to deviate from the practice utilized by other courts in this Circuit. For the foregoing reasons, Plaintiffs' motion is DENIED. Defendant is permitted to take the depositions of 18 opt-in Plaintiffs that it designates. If Plaintiffs' counsel believes Defendant's designations do not result in a "fairly representational" set, then Plaintiffs are free to take additional depositions of their choosing to achieve that goal.

**SO ORDERED.**

Dated: January 8, 2013
   Central Islip, New York

               /s/ A. Kathleen Tomlinson
               A. KATHLEEN TOMLINSON
               U.S. Magistrate Judge