**Outten & Golden LLP**
Justin M. Swartz
Ossai Miazad
Juno Turner
Michael J. Scimone
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIA VICTORIA PEREZ and KAELA R.M. BROWN, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>                Defendant. | 11-CV-1812 (JB) (AKT) |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.    Plaintiffs Establish Commonality ..................................................................................... 1

        A.    Exemption Is Not an Inherently Individualized Inquiry ............................................... 2

        B.    As Defendant Concedes, Adjusters Have Similar Baseline Responsibilities ............... 3

        C.    Defendant Cannot Show Variations in Supervisory Oversight ..................................... 4

        D.    Defendant Demonstrates No Material Differences Between No-Fault Offices ........... 5

    II.    Plaintiffs' Claims Are Typical of the Class ..................................................................... 6

    III.    Plaintiffs Are Adequate Class Representatives. ............................................................... 7

    IV.    Common Issues Predominate Over Individual Ones ...................................................... 7

        A.    No Individualized Differences Between Offices Undermine Commonality ................ 8

        B.    Individual Calculations of Overtime Do Not Defeat Predominance ............................ 9

    V.    Adjudicating Plaintiffs' Claims on a Class Basis Is a Superior Mechanism ................. 10

CONCLUSION ............................................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aponte v. Comprehensive Health Mgmt., Inc.*,
   No. 10 Civ. 4825, 2011 WL 2207586 (S.D.N.Y. June 2, 2011)..................................................6

*Brown v. Wal-Mart Stores, Inc.*,
   No. 09 Civ. 3339, 2012 WL 3672957 (N.D. Cal. Aug. 24, 2012).............................................5

*Butler v. Sears, Roebuck & Co.* Nos. 11–8029, 12–8030, 2013 WL 4478200, at *5 (7th Cir. Aug.
   22, 2013) ...................................................................................................................................9

*Calderon v. Geico Gen. Ins. Co.*,
   279 F.R.D. 337 (D. Md. 2012).................................................................................................2

*Comcast Corp. v. Behrend*,
   133 S. Ct. 1426 (2013).........................................................................................................7, 9

*Cuevas v. Citizens Fin. Grp., Inc.*,
   12-2832-CV, 2013 WL 2321426 (2d Cir. May 29, 2013)................................................1, 2, 5

*Damassia v. Duane Reade, Inc.*,
   250 F.R.D. 152 (S.D.N.Y. 2008) ...........................................................................................2, 6

*Duarte v. Tri-State Physical Med. & Rehab., P.C.*,
   No. 11 Civ. 3765, 2012 WL 2847741 (S.D.N.Y. July 11, 2012) .............................................7

*Garcia v. Pancho Villa's of Huntington Vill., Inc.*,
   281 F.R.D. 100 (E.D.N.Y. 2011) ..............................................................................................7

*Ginsburg v. Comcast Cable Commc'ns Mgmt. LLC*, No. 11 Civ. 1959, 2013 WL 1661483, at *7
   (W.D. Wash. Apr. 17, 2013) ...................................................................................................10

*Guzman v. VLM, Inc.*,
   No. 07 Civ. 1126, 2008 WL 597186 (E.D.N.Y. Mar. 2, 2008) .................................................7

*Han v. Sterling Nat. Mortg. Co., Inc.*,
   No. 09 Civ. 5589, 2011 WL 4344235 (E.D.N.Y. Sept. 14, 2011) ......................................2, 10

*Iglesias-Mendoza v. La Belle Farm, Inc.*,
   239 F.R.D. 363 (S.D.N.Y. 2007) ...............................................................................................7

*Jacob v. Duane Reade, Inc.*,
   289 F.R.D. 408 (S.D.N.Y. 2013) .....................................................................................3, 5, 6

*Leyva v. Medline Indus. Inc.*,
    716 F.3d 510 (9th Cir. 2013) ..................................................................................................9

*Marisol A. v. Giuliani*,
    126 F.3d 372 (1997) ...............................................................................................................6

*Meyers v. ACE Hardware, Inc.*,
    95 F.R.D. 145 (N.D. Ohio 1982) ...........................................................................................7

*Myers v. Hertz Corp.*,
    624 F.3d 537 (2d Cir. 2010) ...................................................................................................1

*Neary v. Metro. Prop. & Cas. Ins. Co.*,
    517 F. Supp. 2d 606 (D. Conn. 2007) ....................................................................................4

*Parra v. Bashas', Inc.*,
    No. 02 Civ. 591, 2013 WL 2407204 (D. Ariz. May 31, 2013) ..............................................9

*Roach v. T.L. Cannon Corp.*,
    No. 10 Civ. 591, 2013 WL 1316452 (N.D.N.Y. Mar. 29, 2013) .........................................10

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993) ...................................................................................................6

*Rosario v. Valentine Ave. Disc. Store, Co., Inc.*,
    No. 10 Civ. 5255, 2013 WL 2395288 (E.D.N.Y. May 31, 2013) ........................................10

*Smith v. Family Video Movie Club, Inc.*,
    No. 11 Civ. 1773, 2013 WL 1628176 (N.D. Ill. Apr. 15, 2013) .........................................10

*Spencer v. No Parking Today, Inc.*,
    No. 12 Civ. 6323, 2013 WL 1040052 (S.D.N.Y. Mar. 15, 2013) .........................................7

*Swigart v. Fifth Third Bank,*
    288 F.R.D. 177 (S.D. Oh. 2012) ............................................................................................2

*UFCW Local 1776 v. Eli Lilly & Co.*,
    620 F.3d 121 (2d Cir. 2010) ...................................................................................................7

*In re Visa Check/Mastermoney Antitrust Litig.*,
    280 F.3d 124 (2d Cir. 2001) .................................................................................................10

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S. Ct. 2541 (2011) .......................................................................................................1, 2

*In Re: Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 861 (6th Cir.
    2013) ......................................................................................................................................9

**Other Authorities**

29 C.F.R. § 541.200 ...........................................................................................................................8

29 C.F.R. § 541.203(a) ......................................................................................................................4

**PRELIMINARY STATEMENT**

Having classified all Adjusters as exempt based on a high-level review of their duties, Allstate now insists that the Court must examine each Adjuster individually. Allstate cannot have it both ways. The Court should reject its arguments and grant Plaintiffs' Motion.

Allstate concedes that all Adjusters perform the same primary duties. The differences it claims to identify are nonexistent or immaterial. In fact, in its zeal to characterize Adjusters' duties in ways helpful to its defense, Defendant demonstrates the commonality of the answers which are "apt to drive the resolution of th[is] litigation." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) ("*Dukes*") (internal citation omitted).

**ARGUMENT**

Defendant states that all Adjusters have the "primary job duties of evaluating and deciding coverage, investigating claims, and determining reimbursement amounts for injury-related treatment and lost wages arising out of auto accidents." Def.'s Br. 3. Although Plaintiffs dispute the amount of discretion these duties entail, they do not fundamentally disagree that these are Adjusters' primary duties. Whether those duties are sufficient to exempt Adjusters from the overtime requirements of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") is a perfect question for classwide resolution.

**I.      Plaintiffs Establish Commonality.**

In challenging Plaintiffs' evidence of commonality, Defendant mischaracterizes both Plaintiffs' arguments and the evidence. Plaintiffs do not, as Allstate contends, argue that Allstate's exemption policy provides the sole basis for class certification, although the law is clear that such a blanket determination is at least relevant to commonality. *See Myers v. Hertz Corp.*, 624 F.3d 537, 549 (2d Cir. 2010); *cf. Cuevas v. Citizens Fin. Grp., Inc.*, 12-2832-CV,

1

2013 WL 2321426, at *2 (2d Cir. May 29, 2013). Rather, Plaintiffs demonstrate – and Defendant concedes, *see* Def.'s Br. 3 – that Adjusters' primary duties are in fact similar, and performed in such a similar manner that whether those duties qualify them as exempt is a question "capable of classwide resolution." *Dukes*, 131 S. Ct. at 2551. Testimony by Defendant's witnesses and Adjusters shows that a class action here will "generate common *answers* apt to drive the resolution of the litigation." *Id.*, (citation omitted).[1]

### A. Exemption Is Not an Inherently Individualized Inquiry.

The administrative exemption is not inherently unsuitable for class certification. The Second Circuit recently rejected that precise argument. *See Cuevas*, 2013 WL 2321426, at *3. *Cuevas* is consistent with decisions by this Court and others that routinely certify administrative exemption cases. *See Han v. Sterling Nat'l. Mortg. Co., Inc.*, No. 09 Civ. 5589, 2011 WL 4344235, at *3 (E.D.N.Y. Sept. 14, 2011); *Swigart v. Fifth Third Bank,* 288 F.R.D. 177, 184 (S.D. Ohio 2012) ("Courts routinely certify misclassification cases . . . ."); *Calderon v. Geico Gen. Ins. Co.*, 279 F.R.D. 337, 346-47 (D. Md. 2012) (certifying class of insurance investigators that employer contended were exempt administrators).

The Court should reject Defendant's attempt to distinguish *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152 (S.D.N.Y. 2008). Despite predating *Dukes*, *Damassia* was approvingly cited by the Second Circuit in *Cuevas* as an example of a decision where "district courts . . . appropriately have certified classes in [overtime exemption] cases . . . where company wide documents and policies" support commonality. *Cuevas*, 2013 WL 2321426, at *3. Similar

---

[1] Allstate's contention that "Plaintiffs set forth only *one* purportedly common question," Def.'s Br. 12, is a red herring. Not only is the question of whether Defendant's sole affirmative defense has merit "apt to drive the resolution of the litigation," *Dukes*, 131 S. Ct. at 2551, the law is clear that one common question is all that is needed for class certification. *Han v. Sterling Nat. Mortg. Co., Inc.*, No. 09 Civ. 5589, 2011 WL 4344235, at *3 (E.D.N.Y. Sept. 14, 2011) (Bianco, J.) ("[A] single common issue of law will satisfy the commonality requirement").

2

evidence supports commonality here.[2] In a recent post-*Dukes* decision, Judge Oetken held that commonality only requires putative class members, as here, to "have largely consistent . . . baseline responsibilities." *Jacob v. Duane Reade, Inc.*, 289 F.R.D. 408, 415 (S.D.N.Y. 2013) *aff'd on reconsideration in part,* No. 11 Civ. 160, 2013 WL 4028147 (S.D.N.Y. Aug. 8, 2013).

### B. As Defendant Concedes, Adjusters Have Similar Baseline Responsibilities.

Allstate takes pains to identify "varied and dissimilar circumstances and conditions" under which Adjusters purportedly work. Def.'s Br. 13. But the differences it points to do not exist. Defendant claims that Adjusters' testimony shows "variance in time spent on certain activities." Def.'s Br. 14. But the only support for this assertion is a chart compiling deposition testimony about when Adjusters take lunch breaks or start and end their day. Def.'s Ex. S, 1-2.

Similarly, Allstate's claim that some Adjusters "challenge" peer reviews and IMEs is unsupported.[3] Adjusters and Allstate's witness all testify that Adjusters may not deny a claim simply because they suspect no further treatment is warranted – rather, they must obtain a clear finding to that effect from a doctor,[4] and may not deviate from that finding.[5]

---

[2] Ex. A (Sullivan Tr.) 123:17-25 (New York regulations require Adjusters to obtain an IME or peer review to deny a bill based on need for treatment); 131:12-19 (Workers' Comp fee schedule dictates how much Adjusters must pay on each bill); Ex. B (Turturro Tr.) 32:22-33:16 (Allstate's central office in Chicago sets goals for Adjusters' compliance with tasks sent through NextGen system).

[3] The two Adjusters Defendant cites testified consistently: Lobello brought discrepancies in a medical report to her supervisor's attention, then, if recommended, sent it back to the doctor for more clarity. Ex. C (Lobello Tr.) 69:16-72:2. Brown testified that she did the same thing. Ex. D (Brown Tr.) 149:14-151:16. The only difference is that Brown made her request through a vendor while Lobello called the doctors directly. Ex. C (Lobello Tr.) 70:20-22; Ex. D (Brown Tr.) 150:16-25.

[4] Ex. A (Sullivan Tr.) 123:17-25 (New York regulations require Adjusters to obtain an IME or peer review to deny a bill based on need for treatment); Ex. B (Turturro Tr.) 147:7-11 (an IME is used "to make a determination on causality"); Ex. E (Hlatky Tr.) 56:14-21; Ex. F (Perez Tr.) 100:3-8 ("I can't determine whether it was related to the accident . . . I would have a doctor do that.").

3

Allstate cites no evidence to support its argument that Regulation 68 does not consistently constrain all Adjusters' discretion to pay medical bills.[6]  Def.'s Br. 16.  But even if Defendant is right that Regulation 68 has minimal impact on Adjusters, that fact would be true for all Adjusters – making class certification appropriate.  Likewise, Defendant resists the argument that Allstate's software automates Adjusters' job, but again, even if true, Defendant's argument would weigh in favor of a classwide determination.  And Allstate's argument that "the key issue on exempt status . . . is what Adjusters do in performing their jobs, not what they don't do," Def.'s Br. at 17, ducks the issue: Adjusters do not perform the types of tasks that Department of Labor regulations describe as exempt duties.  *See* 29 C.F.R. § 541.203(a); *Neary v. Metro. Prop. & Cas. Ins. Co.*, 517 F. Supp. 2d 606, 616-17 (D. Conn. 2007) (lack of evidence that plaintiff performed duties listed in regulation on exemption of insurance adjusters precluded summary judgment for defendant).[7]

### C.     Defendant Cannot Show Variations in Supervisory Oversight.

Allstate claims there are differences in whether Adjusters must seek supervisory approval to deny claims.  Defendant's own 30(b)(6) witness contradicted this argument, explaining that "[i]f a claim is denied entirely providing no coverage whatsoever, that requires the approval of [a

---

[5]     Ex. B (Turturro Tr.) 153:19-154:10; Ex. E (Hlatky Tr.) 111:10-17; Ex. C (Lobello Tr.) 69:8-18; Ex. F (Perez Tr.) 95:19-96:2.

[6]     In fact, Defendant's own 30(b)(6) witness testified to the contrary: "There are specific rules in regulation 68, which is a no-fault regulation, with respect to denial and payment of benefits and the fact that you need independent medical exams to make certain decisions pursuant to the regulations."  Ex. A (Sullivan Tr.), 113:3-7.

[7]     For example, of the typical Adjuster duties that the DOL has suggested are exempt, Defendant admits that Adjusters do not inspect property damage, prepare damages estimates, determine liability, negotiate settlement, or make recommendations regarding litigation.  Arguably, Adjusters do interview insureds, witnesses and physicians and make recommendations regarding coverage of claims.  Whether they exercise discretion with regard to these two duties (or any others) is a class issue.

supervisor]."[8]  The sole evidence Defendant cites to the contrary, a declaration by current Allstate employee Diane Wade, does not outweigh this admission.[9]  Even if credited, Ms. Wade's declaration corroborates Adjusters' testimony: like them, she states that she only had authority to deny claims in particular circumstances such as a worker's compensation claim, a DWI, or when the claimant was struck by a vehicle not insured by Allstate.[10]  Ms. Wade's declaration also confirms that a "causality review" means "seek[ing] medical guidance" (i.e., an IME) to determine "which treatment should be reimbursed."[11]

Ultimately, the Wade declaration supports commonality, which requires only that class members have "similar baseline responsibilities."  *Jacob*, 289 F.R.D. at 415-16.  Defendant cites no evidence that changes what it admits are Adjusters' primary duties.  Def.'s Br. 3.  And none of the evidence Allstate cites suggests that Adjusters' "primary duties var[y] in respects material to whether they were exempt or non-exempt employees."  *Cuevas*, 2013 WL 2321426, at *2.

### D. Defendant Demonstrates No Material Differences Between No-Fault Offices.

Defendant argues that commonality cannot exist because Adjusters "speak only for themselves," Def.'s Br. 18, rather than for all New York Adjusters.  But the witnesses whose testimony speaks to the rest of the class (i.e., Defendant's 30(b)(6) witnesses) testify that Adjusters throughout New York are subject to the same performance expectations,[12] the same

---

[8]   Ex. B (Turturro Tr.), 124:6-10.
[9]   Defendant failed to disclose Ms. Wade in its Rule 26 disclosures or elsewhere.  The Court may therefore disregard her declaration.  *See Brown v. Wal-Mart Stores, Inc.*, No. 09 Civ. 3339, 2012 WL 3672957, at *2-3 (N.D. Cal. Aug. 24, 2012) (disregarding declarations where declarants' identities were not disclosed to Plaintiffs).  Nevertheless, Ms. Wade's declaration demonstrates little, and is unhelpful in answering the questions currently before the Court.
[10]   *Compare* Wade Decl. ¶ 8(a) *with* Ex. F (Perez Tr.) 87:16-88:3 (denied claims where workers' compensation applied); 211:11-19 (denied DWI claims).
[11]   Wade Decl. ¶ 8(c).
[12]   Ex. B (Turturro Tr.), 110: 11-111:23 (Home office in Chicago determines major responsibilities, which local management cannot supplement).

5

supervision,[13] and the same rules.[14]  And Defendant admits that all New York Adjusters have the same primary duties.  Def.'s Br. 3.  Ultimately, Defendant argues that Adjusters in different offices exercise those duties in ways that are more or less subject to individualized differences – an issue "better suited to the predominance inquiry."  *Jacob*, 289 F.R.D. at 415.

**II.     Plaintiffs' Claims Are Typical of the Class.**

Defendant offers a misguided analysis of the typicality of the named Plaintiffs' claims.  Typicality requires that each class member "makes similar legal arguments to prove the defendant's liability."  *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (internal quotation marks and citations omitted).  The named plaintiffs' facts "need not be identical" to those of the class, *Damassia*, 250 F.R.D. at 158 (internal quotation marks and citation omitted), and "inconsequential variations" in their testimony will not defeat typicality.  *Jacob*, 289 F.R.D. at 417.  Plaintiffs here make the same legal arguments as the class, arguing that they, like all Adjusters, share common duties that do not satisfy the defense on which Allstate relies.  Because Defendant admits the commonality of those duties, Def.'s Br. 3, typicality is satisfied because Plaintiffs allege that the "same unlawful conduct was directed at or affected both [themselves] and the class."  *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993).

Defendant's claim that the named Plaintiffs have no personal knowledge of Adjusters in other offices bears no meaningful relationship to the typicality analysis.  Since Plaintiffs have shown that all Adjusters performed similar job duties – and that they are no exception – typicality is satisfied.  *See Aponte v. Comprehensive Health Mgmt., Inc.*, No. 10 Civ. 4825, 2011 WL 2207586, at *10 (S.D.N.Y. June 2, 2011) (rejecting argument that named plaintiffs' lack of

---

[13]     Ex. B (Turturro Tr.), 124:7-11.
[14]     Ex. A (Sulllivan Tr.), 113:3-15.

6

knowledge of employees in upstate New York defeated typicality, since they "share[d] the [same] core responsibility" and were classified as exempt regardless of region).

### III. Plaintiffs Are Adequate Class Representatives.

Defendant's argument that Plaintiffs are inadequate class representatives because they were fired has been squarely rejected by courts in this district and elsewhere.[15] *See Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 281 F.R.D. 100, 107 (E.D.N.Y. 2011) (rejecting adequacy challenge based on plaintiffs' termination); *Guzman v. VLM, Inc.*, No. 07 Civ. 1126, 2008 WL 597186, at *7 (E.D.N.Y. Mar. 2, 2008) (fact that plaintiff was fired "would not in any way constitute a defense specific to Guzman or otherwise impair his representation of the class."); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 372 (S.D.N.Y. 2007) (circumstances of plaintiff's termination were irrelevant to wage and hour claims).[16]

### IV. Common Issues Predominate Over Individual Ones.

Plaintiffs have established that the common issues of whether Adjusters are exempt, "can be achieved through generalized proof, and . . . are more substantial than the issues subject only to individualized proof." *UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 131 (2d Cir. 2010). *Comcast Corp. v. Behrend*, 133 S. Ct. 1426 (2013) does not change this analysis.

---

[15] *Meyers v. ACE Hardware, Inc.*, 95 F.R.D. 145, 151 (N.D. Ohio 1982), a discrimination case cited by Defendant, is easily distinguishable. The *Meyers* plaintiffs claimed that they and the putative class had been discriminated against because of their race, but their "longstanding noncompliance with Company work rules and policies, insubordination and questionable attendance" were inextricably bound with their claims. *Id.* Perez and Brown do not seek class treatment of their retaliation claims, and their retaliation claims do not overlap with their overtime claims.

[16] *See also Spencer v. No Parking Today, Inc.*, No. 12 Civ. 6323, 2013 WL 1040052, *22 (S.D.N.Y. Mar. 15, 2013) *report and recommendation adopted*, 2013 WL 2473039, at *1 (S.D.N.Y. June 7, 2013) (plaintiff's "individual retaliation claim is not relevant to determining whether [plaintiff's] interests are aligned with the class members' interests".); *Duarte v. Tri-State Physical Med. & Rehab., P.C.*, No. 11 Civ. 3765, 2012 WL 2847741, at *9 (S.D.N.Y. July 11, 2012) (rejecting argument that retaliation claims conflicted with plaintiff's ability to vindicate overtime rights).

7

### A. No Individualized Differences Between Offices Undermine Commonality.

Defendant does not cite any individualized issues that predominate over the common issue of whether Adjusters' undisputed primary duties fit the administrative exemption. Defendant argues generally that Plaintiffs offer no evidence of how Buffalo Adjusters perform their duties. Defendant's only evidence is a declaration by Gregory Witherspoon, a current employee, who states that Buffalo Adjusters work on different types of claims than other New York Adjusters.[17] But Defendant fails to articulate how "extend" cases[18] involve greater discretion, or how they are more (or less) significant than other matters assigned to Adjusters. Witherspoon states that an extend claim "requires the Adjuster to take more of a long-term perspective . . . to make assessments about when a lengthy course of treatment is no longer necessary."[19] But in the following paragraph, he goes on to explain that Adjusters in Buffalo determine whether to continue paying for treatment by obtaining and following IMEs and peer reviews, just like other Adjusters.[20] Witherspoon says only that the timing of an exam raises "different questions," not that they require more discretion or are more significant than the decision to order an exam for a claimant with a different injury. *Id*. This does not suggest that any individualized inquiry into how Adjusters set up IMEs will predominate over the common question of whether the decision to set up an IME involves the exercise of discretion with respect to a matter of significance. 29 C.F.R. § 541.200.[21]

---

[17] *See* Witherspoon Decl. As with Ms. Wade, Allstate failed to disclose Mr. Witherspoon during the discovery process, and the Court may disregard his declaration.
[18] *Id*. ¶ 3
[19] *Id*. ¶ 4
[20] *Id*. ¶ 5.
[21] Witherspoon's claim that the seriousness of injuries handled by Buffalo adjusters means that they must overcome "more barriers" to "establish rapport," is irrelevant to both class certification and the merits of this case. The administrative exemption does not require that employees establish rapport, but rather that they exercise discretion.

Witherspoon similarly states that Adjusters on extend claims must "apply knowledge" of different coverages, but does not describe how this differs from other Adjusters' duty to check for policy exclusions or compare coverage levels.[22] There is no reason to think a policy with a higher coverage limit alters the discretion involved in comparing claim limits with loss value.

### B. Individual Calculations of Overtime Do Not Defeat Predominance.

An overtime misclassification case such as this one involves damages issues that are fundamentally unlike those at issue in *Comcast*, an antitrust case. *See Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013). The *Comcast* Court found that the plaintiffs had not established predominance because they failed to show that their damages were causally related to their theory of liability. *Comcast*, 133 S. Ct. at 1433. By contrast, if an employer classifies workers as exempt from overtime, the fact that they did not receive overtime is not attributable to any other cause. The plaintiffs' injury – not getting overtime – flows directly from the employer's policy, and calculating damages is "a purely mechanical process." *Parra v. Bashas', Inc.*, No. 02 Civ. 591, 2013 WL 2407204, at *32 (D. Ariz. May 31, 2013).

Courts evaluating motions for class certification after *Comcast*, including in the wage and hour context, have found these types of "individualized" damages calculations insufficient to prevent class certification. *In Re: Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 861 (6th Cir. 2013), ("it remains the black letter rule that a class may obtain certification under Rule 23(b)(3) when liability questions common to the class predominate over damages questions unique to class members"); *Butler v. Sears, Roebuck & Co.* Nos. 11–8029, 12–8030, 2013 WL 4478200, at *5 (7th Cir. Aug. 22, 2013) ("If the issues of liability are genuinely common issues, and the damages of individual class members can be readily

---

[22] Witherspoon Decl. ¶ 4.

9

determined . . . the fact that damages are not identical across all class members should not preclude class certification."); *Rosario v. Valentine Ave. Disc. Store, Co., Inc.*, No. 10 Civ. 5255, 2013 WL 2395288, at *9 (E.D.N.Y. May 31, 2013), *report and recommendation adopted sub nom.* 2013 WL 4647494 (E.D.N.Y. Aug. 29, 2013) ("While each class member will have different damages . . . such questions do not defeat predominance.").[23]

## V.     Adjudicating Plaintiffs' Claims on a Class Basis Is a Superior Mechanism.

Defendant's argument against superiority is simply a re-hash of its unpersuasive predominance argument. The Court should reject that argument as applied to superiority. *See Han, Inc.*, 2011 WL 4344235, at *11 n.12 (argument that individual issues would predominate did not defeat superiority because Court had rejected same argument under predominance). Defendant's argument is primarily about manageability, which, standing alone, is a disfavored ground for failure to certify a class. *See In re Visa Check/Mastermoney Antitrust Litig.*, 280 F.3d 124, 140 (2d Cir. 2001); *see also Han*, 2011 WL 4344235, at *11 (rejecting argument that class action would be unmanageable).

## CONCLUSION

The evidence in this case demonstrates that Adjusters perform their work under common circumstances with few individual variations, making this case ideally suited for classwide resolution. Plaintiffs' motion should be granted.

---

[23]     The cases cited by Defendant involve little analysis and are distinguishable. In *Roach v. T.L. Cannon Corp.*, No. 10 Civ. 591, 2013 WL 1316452, at *3 (N.D.N.Y. Mar. 29, 2013), a spread-of-hours case, the court relied on evidence that only "some employees, on various occasions, were denied their 10–hour spread payments . . . ." *Id*. at *3. *Ginsburg v. Comcast Cable Commc'ns Mgmt. LLC*, No. 11 Civ. 1959, 2013 WL 1661483, at *7 (W.D. Wash. Apr. 17, 2013), an off-the-clock case, concluded that plaintiffs' proposal to estimate unpaid time using expert testimony was not feasible. *Smith v. Family Video Movie Club, Inc.*, No. 11 Civ. 1773, 2013 WL 1628176, at *11 (N.D. Ill. Apr. 15, 2013), cited *Comcast* but found the plaintiffs did not satisfy predominance due to individualized facts unrelated to damages.

Dated: September 13, 2013
New York, New York

        Respectfully submitted,

        **OUTTEN & GOLDEN LLP**
        By:

        /s/ Juno Turner
           Juno Turner

        **OUTTEN & GOLDEN LLP**
        Justin M. Swartz
        Ossai Miazad
        Juno Turner
        Michael J. Scimone
        3 Park Avenue, 29th Floor
        New York, New York 10016
        Telephone: (212) 245-1000