UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARIA VICTORIA PEREZ and KAELA
R.M. BROWN, individually and on behalf of
all others similarly situated,

                            Plaintiffs,

                            CV 11-1812 (AKT)

  - against -

ALLSTATE INSURANCE COMPANY,

                            Defendant.
-----------------------------------------------------------X

### ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, PROPOSED NOTICE OF SETTLEMENT, AND CLASS ACTION SETTLEMENT PROCEDURE

      The above-entitled matter came before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, Proposed Notice of Settlement, and Class Action Settlement Procedure ("Motion for Preliminary Approval"). Defendants Allstate Insurance Company ("Allstate" or "Defendant") does not oppose the motion.

I.    PRELIMINARY APPROVAL OF SETTLEMENT

      1.    Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Declaration of Juno Turner ("Turner Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Agreement of Settlement and Release ("Settlement Agreement") between Plaintiffs Maria Victoria Perez and Kayla R.M. Brown (together, "Plaintiffs") and Defendant, attached to the Turner Declaration as Exhibit A, and "so orders" all of its terms.

202

2. The approval of a proposed class-action settlement is a matter of discretion. *Maywalt v. Parker & Parsley Peroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998). Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and collective and for Fed. R. Civ. P. 23 class members to object to or opt out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the settlement class and collective members' input.

3. Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and, in some cases, an informal presentation by the settling parties. *Lizondro-Garcia v. Kefi LLC*, 300 F.R.D.169, 179 (S.D.N.Y. 2014). To grant preliminary approval, the court need only find that there is "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980) (internal citation omitted).

4. The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class and collective is appropriate. *See In re Traffic Exec. Ass'n,* 627 F.2d at 634; *Hernandez v. Merrill Lynch & Co.*, 2012 WL 586-2749, at *1 (SDNY November 15, 2012).

5. The Court finds that the Settlement Agreement is the result of extensive, arms'-length negotiations by counsel, well-versed in the prosecution of wage and hour class and collective actions.

6. And experienced class-action employment mediator, Carol Wittenberg, assisted the parties with the settlement negotiations and presided over a full-day mediation. This reinforces the non-collusive nature of the settlement. *See Willix v. Healthfirst, Inc.*, No. 07 Civ.

1143, 2011 WL 754862, at *3 (E.D.N.Y. Feb. 18, 2011) (granting final approval to settlement that resulted from mediation overseen by Ms. Wittenberg).

## II. NOTICE

7.     The Court approves the Class and Collective Notices of Proposed Settlement of Class Action Lawsuit and Fairness Hearing (collectively, the "Notice"), which are attached as Exhibits B and C to the Turner Declaration, respectively, and directs their distribution to the Class and Collective.

8.     The content of the Notice fully complies with due process and Federal Rule of Civil Procedure 23.

9.     Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notices to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel, if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

10.    The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"). The Notice is also appropriate because it describes the terms of the settlement, including each class member's approximate pro rata share, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. *Hernandez*, 2012 WL 5862749, at *5.

### III. CLASS ACTION SETTLMENT PROCEDURE

    11. The Court hereby adopts the settlement procedure:

        a. Within 10 business days of entry of this Order, Defendant will provide Class Counsel and the Settlement Administrator with contact information for Class and Collective members;

        b. Within 15 days of the date of this Order, the Settlement Administrator shall mail the Notice to the Class and Collective Members;

        c. Rule 23 Class Members will have 45 days from the date their Notice is mailed to opt out of the settlement or object to it;

        d. Plaintiffs will file a Motion for Final Approval of Settlement no later than 10 days before the fairness hearing;

        e. The Court will hold a final fairness hearing on July 11, 2019 at 2 PM at the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, New York, Courtroom 910;

        f. If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be 31 days after the entry of the Court's Final Approval Order.

        g. If rehearing, reconsideration or appellate review is sought, the "Effective Date" shall be the day on which all appeals are resolved in favor of final approval;

        h. The Claims Administrator will disperse settlement checks to the Class and Collective members, approved attorneys' fees and expenses to Class Counsel, and any approved Service Awards within 10 days of the Effective Date; and

        i. The parties shall abide by all terms of the Settlement Agreement.

ORDERED this 29th day of March, 2019

/s/ A. Kathleen Tomlinson
_____
Honorable A. Kathleen Tomlinson
United States Magistrate Judge

4