**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
MARIA VICTORIA PEREZ and KAELA R.M.
BROWN, individually and on behalf of all
others similarly situated

                            Plaintiffs,

            - against -                                                            CV 11-1812 (AKT)

ALLSTATE INSURANCE COMPANY,

                            Defendant.
-------------------------------------------------------------X

**ORDER GRANTING PLAINTIFFS' MOTIONS FOR FINAL APPROVAL OF THE CLASS ACTION AND FLSA SETTLEMENT, APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, APPROVAL OF SERVICE <u>PAYMENTS AND DISMISSAL WITH PREJUDICE OF CLAIMS</u>**

**A. KATHLEEN TOMLINSON, U.S. Magistrate Judge:**

       MARIA VICTORIA PEREZ and KAELA R.M. BROWN filed the Complaint in this action individually and on behalf of all others similarly situated alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Allstate Insurance Company ("Defendant").  For a period of years, the Parties engaged in extensive discovery over which this Court presided.  Eventually, after several disputes, the Court granted Plaintiffs' motion for conditional certification and court-authorized notice pursuant to Section 216(b) of the Fair Labor Standards Act.  A compromise notice was sent to potential opt-ins with the consent of the Defendant.  Thereafter, Plaintiffs moved for class certification under Rule 23 and Defendant sought to decertify the FLSA collective.  The motion for class certification was granted and the motion to decertify was denied.

After further extensive motion practice and appearances before the Court, the Parties participated in a mediation session with a well-respected mediator in the New York area. Eventually, the Parties were able to resolve their issues and reach a settlement.

This Court GRANTED Plaintiffs' motion for Preliminary Approval of the Settlement of the Class and Collective Action on March 29, 2019. The case was set down for a Fairness Hearing. However, based on certain issues which arose after the Preliminary Approval Order, the scheduled Fairness Hearing was cancelled and further time was given to the Parties to work out those disputes.

This matter now comes before the Court on Plaintiffs' Motion for Final Approval of the Class Action and FLSA Settlement; Motion for Approval of Attorneys' Fees and Reimbursement of Expenses; and Motion for Approval of Service Payments ("Final Approval Motions"). The Defendant does not oppose the Final Approval Motions. After reviewing the Motion for Final Approval, the supporting Memorandum of Law ("Pls.' Mem."), the Declarations of Justin M. Swartz, Esq., the Parties' Stipulation withdrawing the request to toll the claims of Dispute Adjusters and to waive the Fairness Hearing, the Proposed Order Directing Corrective Notice, the Joint Notice of Supplemental Authority, and all of the other papers submitted in connection with Plaintiffs' Final Approval Motion, and for good cause shown, the Court hereby ORDERS, ADJUDGES, and DECREES that:

1.      The Settlement Agreement,[1] to the extent it addresses claims under the Fair Labor Standards Act ("FLSA"):  (a) is the result of arm's-length negotiations between experienced counsel and is fair to all Parties;  (b) reasonably resolves a bona fide disagreement between the Parties with regard to the merits of the claims of the named Plaintiffs and the Collective; and

---

[1] The Settlement Agreement is annexed as Exhibit A to the Declaration of Justin Swartz, Esq., in Support of the Motion for Final Approval ("Swartz Decl. I") [DE 220-1].

(c) demonstrates a good-faith intention by the Parties (i) to fully and finally resolve the claims of the named Plaintiffs and the Collective for liability and damages on the basis of alleged overtime pay and retaliation under the Fair Labor Standards Act and (ii) not to re-litigate in whole or in part, at any point in the future, the claims raised in this litigation or which could have been raised in this litigation concerning the Plaintiffs and the Collective's compensation while employed by the Defendant.

2.  The Court has "so ordered" the Parties' Stipulation withdrawing the request to toll the claims of Dispute Adjusters and to waive the Fairness Hearing [DE 226-2] and that Order has been entered separately. Further, the Court has "so ordered" the Parties Revised Order Directing Corrected Notice [DE 226-3] and that Order has been entered separately as well. The terms of those Stipulations are incorporated by reference as if fully set forth herein.

3.  Based upon the Court's review of Plaintiffs' Memorandum of Law in Support of Final Approval of the Class Action and FLSA Settlement, and all other papers submitted in connection with Plaintiffs' Final Approval Motions, the Court grants final approval of the $3,850,000.00 settlement memorialized in the Settlement Agreement and Release ("Settlement Agreement"), attached as Exhibit A to Swartz Decl. I in Support of Final Approval of the Settlement Agreement, and "so orders" all of its terms, conditions and obligations which are incorporated herein. Capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined here.

4.  The Settlement Class and Collective meet all of the requirements for certification under Federal Rules of Civil Procedure 23(a) and (b)(3) and 29 U.S.C. § 216(b) for purposes of settlement only. *See* ECF Nos. 50, 115.

5. Class and FLSA Collective Members who are eligible to receive awards from the Settlement Fund are divided into two groups:

    a. FLSA Collective: all individuals who worked at Allstate locations at any time and filed consent to join forms with the Court pursuant to § 216(b) prior to May 9, 2018. *Id.* § 1.9.

    b. NYLL Class: all individuals who comprise the NYLL class certified by the Court on September 16, 2014, *i.e.*, "[a]ll persons employed by Allstate as 'pending' No- Fault/PIP/Med-Pay adjusters whom Allstate classified as exempt from the overtime requirements of the NYLL at any time between April 13, 2005 and the date of final judgment in this matter."

6. To determine each Class Member's individual settlement allocation, the Claims Administrator will assign one point for each week worked as a Class Member between April 13, 2005 and the date of the Preliminary Approval Order. *Id.* To determine each Collective Member's individual settlement allocation, the Claims Administrator will assign one point for each week worked in a covered position from the date three years prior to the date on the Collective Member opted in and the date of the Preliminary Approval Motion. *Id.* § 3.6(B). The Court approves and directs the distribution of proposed notices to which the Parties have agreed.

7. The Court previously appointed Outten & Golden LLP as Class Counsel in its Preliminary Approval Order and finds that the firm satisfies the adequacy requirements of Rule 23(g).

8. The proposed settlement is procedurally fair because it was achieved through vigorous, arm's-length negotiations after experienced counsel had evaluated the merits of

Plaintiffs' claims and after meaningful discovery. This litigation was strongly contested for eight years marked by significant motion practice and extensive discovery, including class-wide discovery. Moreover, the case continued through substantial summary judgment briefing before the parties finally reached a settlement with the assistance of a well-respected JAMS mediator. These factors dispel any notion of fraud or collusion in the resolution achieved.

9. The proposed settlement is also substantively fair and meets the standard set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) in that: (a) litigation through trial of this 299 member Collective/Class action would be complex, costly and long. Testimony from many Allstate executives and managers as well as members of the Collective and the Class would be necessary. Likewise, the parties had not agreed to a method of calculating damages and expert testimony would likely have been required; (b) significant disputes persisted over the issues of whether (i) Plaintiffs were exempt employees under the FLSA and New York Labor Law; (ii) Defendant had a good-faith belief that all hours worked had been paid properly; (iii) some of the activities set forth in the amended complaint do not constitute compensable work under New York Labor Law or the FLSA; (iv) Plaintiffs and the Collective could maintain a collective action through trial; (c) Plaintiffs, the Collective and the Class face the risk of delay of payment if the litigation proceeds in addition to the risk of an adverse finding and the prospect of an appeal; (d) the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses at trial; (e) the settlement is clearly the product of arm's-length negotiations between experienced counsel before a respected JAMS mediator; and (g) the totality of the circumstances and the progression of this case demonstrate the lack of fraud or collusion. *See Wolinsky*, 900 F. Supp. 2d at 335 (internal quotations omitted). The Court also points out that no Class Members have objected to the settlement or asked to exclude

5

themselves.  The settlement represents a substantial recovery for Class Members in light of the risks of litigation.

10. The Settlement Agreement complies with the Second Circuit's guidance in *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015) because: (a) there are no restrictive confidentiality provisions which would otherwise conflict with the remedial purposes of the FLSA; (b) the release is tailored to the FLSA wage claims asserted in this litigation; and (c) the attorney's fees, which equate to approximately one-third of the total settlement amount are fair and consistent with the provisions of the agreement between Plaintiffs, the Collective and their counsel.

11. The Releases of the Defendant as partial consideration for the settlement are sufficiently limited to deem the releases fair and proper.

12. When computing attorneys' fees in common-fund cases, "the trend in this Circuit is toward the percentage method." *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005)).  The attorneys at Outten & Golden LLP who prosecuted this case are experienced civil rights and employment lawyers with respected reputations among the employment law bar.  Having reviewed the Settlement Agreement provision regarding attorney's fees [§3.3] as well as the Plaintiffs' unopposed Motion for Attorneys' Fees [DE 223-225], the Court finds that the apportionment of approximately one-third of the settlement amount to the attorneys' fees (*i.e.*, $1,283,333.33), as provided in the Settlement Agreement, is a fair and reasonable reflection of the services rendered to the Plaintiffs, the Collective and the Class by their counsel, Outten & Golden LLP.  Such apportionment is well within the parameters set by courts in this District. *See, e.g., Bondi v. DeFalco*, No. 17-CV-5681, 2020 WL 2476006, at *7 (S.D.N.Y. May 13,

2020); *Oxley v. Excellent Home Care Services, LLC*, 18 CV 2374, 2020 WL 589581, at *3 (E.D.N.Y. Jan. 8, 2020); *Pearlman v. Cablevision Systems Corporation*, CV 10-4992, 2019 WL 3974358, at *3 (E.D.N.Y. Aug. 20, 2019); *Aguirre v. Torino Pizza, Inc.*, No. 18-CV-2004, 2019 WL 126059*4 (S.D.N.Y. Jan. 8, 2019)*; Cohan v. Columbia Sussex Mgmt., LLC,* No. 12 Civ. 3203, (2018 WL 4861391, at *2 (E.D.N.Y. Sept. 28, 2018); *Alvarez v. Sterling Portfolio Inv., LP*, 16 Civ. 5337, 2017 WL 8790990, at *4-5 (E.D.N.Y. Dec. 13, 2017); *Ezpino v. CDL Underground Specialists, Inc.*, 14 Civ. 3173, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017); *Pucciarelli v. Lakeview Cars, Inc.*, 16 Civ. 4751, 2017 WL 2778029, at *2 (E.D.N.Y. June 26, 2017); *Karic v. Major Auto. Cos.*, 09 Civ. 5708, 2016 WL 1745037, at *8 (E.D.N.Y. Apr. 27, 2016); *Abrar v. 7-Eleven, Inc.*, 14 Civ. 6315, 2016 WL 1465360, at *3 (E.D.N.Y. Apr. 14, 2016).

The Court has also used Class Counsel's lodestar to cross-check the reasonableness of the percentage fee. *See* Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Approval of Attorneys' Fees and Reimbursement of Expenses [DE 224] at 17-18; Declaration of Justin Schwartz in Support of Plaintiffs' Motion for Attorneys' Fees ("Swartz Decl. II") [DE 225] ¶ 18. The lodestar is based on the number of hours expended on the case multiplied by counsel's hourly rate. "Because the lodestar is being used merely as a cross-check, it is unnecessary for the Court to delve into each hour of work that was performed by counsel to ascertain whether the number of hours reportedly expended was reasonable." *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 388–89 (S.D.N.Y. 2013) (quoting *In re IPO Sec. Litig.*, 671 F. Supp. 2d 467, 506 (S.D.N.Y. 2009)).

Counsel's request for one-third of the Fund, or $1,283,333.33, is approximately 73% of their lodestar. Counsel spent approximately 3,616 hours litigating, negotiating and settling this

7

matter. Swartz Decl. II, ¶ 18. These hours result in a lodestar of approximately $1,837,868.75 – an amount larger than the one-third of the Fund sought by Plaintiff. *Id*. ¶ 19. Counsel's request for close to their lodestar is reasonable, particularly in light of the considerable relief they secured for the class. Further, the percentage of their lodestar that Class Counsel seeks will diminish over time as Class Counsel spends additional time in connection with implementing and monitoring the settlement. *Id*. ¶ 26.

13. The Court further finds that the costs and expenses sought, totaling $106,153.01, were reasonably expended litigating and resolving the lawsuit. These expenses include mediator's fees, court fees, postage, transportation, printing, copying, conference calls, electronic research, meals, messenger fees, and significant costs due to the extensive discovery conducted. Counsel provided a breakdown of each of the expenses claimed. Swartz Decl. II, ¶¶ 29-31.

14. The Court finds reasonable the service payment for Named Plaintiffs Maria Victoria Perez and Kaela R.M. Brown in the amount of $20,000; $2,500 for Opt-in Collective Member Alexis Cherry; and $1,000 for each of the Deposed Opt-In Plaintiffs Kesha Clark, Nicholas D'Ermilio, Lisa Hlatky, Jeff Howard, Marcianne Lobello, Gloria Elaine Sanford, Shvonna Smith, Keisha Sneed and Clara Rodriguez, from the Class Settlement Amount, in recognition of the services rendered in furtherance of the litigation and settlement. The Service Awards shall be paid from the Class Settlement Amount. Swartz Decl. I, Ex. A § 3.3.

15. The Court approves the Settlement Administrator's fees and costs of $15,000, to be paid by Defendant from the Class Settlement Amount. *Id.* at § 3.8 (I).[2]

---

[2] The Administrator shall set aside $20,000 of the Class Settlement Amount to cover any correctable errors or omissions and to satisfy any claim for relief allowed pursuant to Fed. R. Civ. P. 60(b)(1) or 60(d). Ex. A, § 3.2(D)

16. If any amounts remain in the Settlement Fund 150 days after the Effective Date, and after any correctable errors or omissions are covered, the remaining amounts will be redistributed among the Plaintiffs using the method described in Ex. A § 3.6; however, if the amount to be redistributed is less than the administrative costs that would be incurred in such redistribution, or if the amount to be redistributed would result in an average payment of less than $50 per Plaintiff, then no redistribution shall occur and the amount shall be donated to National Employment Law Project ("NELP") pursuant to the *cy pres* doctrine. If no individual or party appeals this Order, the Settlement Effective Date will be thirty-one (31) days after the Court enters its Final Approval Order. *Id*. at § 3.2(D).

17. If an individual or party appeals this Order, the Settlement Effective Date shall be the date on which any appeals of the Court's judgment finally terminating the Litigation are resolved in favor of final approval.

18. Within ten (10) days of the Defendant's payment into the Settlement Fund, the Settlement Administrator will disburse Settlement Checks to Settlement Class Members, the Service Awards, and Class Counsel's attorneys' fees, costs, and expenses and Settlement Administration costs. *Id*. at § 3.8.

19. Based on the foregoing factors, the Court finds the Settlement Agreement to be fair and reasonable. The settlement is therefore APPROVED by the Court. In light of the adequacy of notice and the absence of objections, and based upon the COVID-19 pandemic which has resulted in restrictions on travel and the cancellation or adjournment without date of civil hearings at the Alfonse D'Amato Federal Courthouse, the Court finds that the need for Class members to "receive prompt compensation outweighs the need for an in-court hearing, which has to be delayed" for an unknown period of time given the uncertain status of

the pandemic. The Court therefore finds it appropriate to waive the fairness hearing on the motion for final approval. *See Smith v. DTLR, Inc.*, No. 1:18-cv-07628 (N.D. Ill. Apr. 29, 2020).

20. The Litigation is hereby dismissed with prejudice, with each side to assume its respective costs and attorneys' fees (other than such costs and attorneys' fees approved by the Court as set forth herein), subject to the Court's ongoing jurisdiction over the settlement process and any disputes that may arise over the administration of the Settlement. *See id*. § 1.20.

21. The Court shall exercise continuing jurisdiction over the administration of the settlement and any disputes that may arise regarding the implementation or interpretation of the settlement. *Id.* § 5.1; 5.15.

22. Upon the Effective Date, the Settlement Agreement will bind all NYLL Class Members who do not timely and properly opt out, and FLSA Collective Members as determined by the Court, with respect to all claims identified in the Complaint. *Id.* § 5.3.

23. The Parties shall abide by all terms of the Settlement Agreement.

                                                      **SO ORDERED**.

Dated: Central Islip, New York
         August 17, 2020

                                              /s/ *AK Tomlinson*
                                            A. KATHLEEN TOMLINSON
                                            U.S. Magistrate Judge