**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARIA VICTORIA PEREZ, KAELA R.M. BROWN, and CAROLINE WHITAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | 11-CV-1812 (AMD) (AKT) |

**DECLARATION OF MICHAEL J. SCIMONE IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR APPROVAL OF DISPUTE ADJUSTER SETTLEMENT,
SERVICE AWARD, AND ATTORNEYS' FEES AND EXPENSES**

I, Michael J. Scimone, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a partner at the firm of Outten & Golden LLP ("O&G") in New York, New York and I am one of the lawyers primarily responsible for prosecuting Plaintiff's and opt-in Plaintiffs' claims.

2. I make this declaration in connection with Plaintiffs' Unopposed Motion for Approval of Dispute Adjuster Settlement, Service Award, and Attorneys' Fees and Expenses. I have personal knowledge of the matters set forth herein and would so testify if called as a witness at trial.

**Plaintiff's Counsel's Background and Experience**

3. O&G is experienced and nationally recognized for its expertise in litigating complex collective and class actions, including wage and hour cases like this one. *See, e.g.*, *Strauch v. Computer Scis. Corp.*, 322 F.R.D. 157, No. 14 Civ. 956, 2017 WL 2829652, at *24 n.15 (D. Conn. June 30, 2017) (in wage and hour litigation, finding that O&G "adequately represent[s] the interests of the putative class"), *motion to decertify denied*, 2017 WL 4683993 (D. Conn. Oct. 18, 2017); *Walsh v. CorePower Yoga LLC*, No. 16 Civ. 5610, 2017 WL 589199, at *8 (N.D. Cal. Feb. 14, 2017) (O&G has "a proven track record in the prosecution of class actions as they have successfully litigated and tried many major class action cases"); *Jacob v. Duane Reade, Inc.*, No. 11 Civ. 0160, 2016 WL 3221148, at *1 (S.D.N.Y. June 9, 2016) (denying motion to decertify class and collective of assistant store managers); *Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 15 Civ. 10446, 2016 WL 1043429 (N.D. Ill. Mar. 16, 2016) (certifying collective of nationwide assistant managers); *Watson v. Jimmy John's, LLC*, No. 15 Civ. 6010, 2015 WL 7180516, at *1 (N.D. Ill. Nov. 13, 2015) (certifying collective of nationwide assistant managers); *Flood v. Carlson Rests. Inc.*, No. 14 Civ. 2740, 2015 WL

260436, at *1 (S.D.N.Y. Jan. 20, 2015) (certifying collective of nationwide tipped workers); *Ballinger v. Advance Magazine Publishers, Inc.*, No. 13 Civ. 4036, 2014 WL 7495092, at *7 (S.D.N.Y. Dec. 29, 2014) (appointing O&G as class counsel, explaining that "[b]ased on the firm's performance before [the court] in this and other cases and its work in the foregoing and other cases, [the court has] no question that it will prosecute the interests of the class vigorously."); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 477 (S.D.N.Y. 2013) (noting that O&G "are experienced employment lawyers with good reputations among the employment law bar"); *Yuzary v. HSBC USA, N.A.*, No. 12 Civ. 3693, 2013 WL 1832181, at *4 (S.D.N.Y. Apr. 30, 2013) (appointing O&G as class counsel); *Capsolas v. Pasta Resources Inc.*, No. 10 Civ. 5595, 2012 WL 1656920, at *2 (S.D.N.Y. May 9, 2012) (appointing O&G as class counsel and noting O&G attorneys "have years of experience prosecuting and settling wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 622 (S.D.N.Y. 2012) (O&G attorneys "have substantial experience prosecuting wage and hour and other employment-based class and collective actions."); *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 1872405, at *2 (S.D.N.Y. May 17, 2011) (appointing O&G as class counsel); *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713, 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010) (O&G "are experienced employment lawyers with good reputations among the employment law bar . . . [and] have prosecuted and favorably settled many employment law class actions, including wage and hour class actions"); *Damassia v. Duane Read, Inc.*, 250 F.R.D. 152, 158 (S.D.N.Y. 2008) (O&G lawyers have "an established record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on the case are likewise competent and experienced in the area").

4. I am a partner in Outten & Golden's Class Action Practice Group. I regularly represent employees in class and collective actions challenging workplace practices. I joined Outten & Golden's New York office in 2009 as an Associate.

5. Since 2009, I have worked on multiple employment class action cases, including *Strauch v. Computer Sciences Corp.*, No. 14 Civ. 956, 2018 WL 4539660, at *1 (D. Conn. Sept. 21, 2018), where I was part of the trial team that obtained a jury verdict on behalf of approximately 1,000 computer support workers seeking unpaid overtime. Other representative cases I have litigated include *Cunningham v. Federal Express Corp.*, No. 17 Civ. 845 (M.D. Tenn. Aug. 12, 2019), ECF No. 108 ($1.435 million settlement on behalf of FedEx employees whose pension benefits were miscalculated in violation of USERRA); *Przytula et al. v. Bed Bath & Beyond, Inc.*, No. 17 Civ. 5124, ECF No. 123 (N.D. Ill. Jan. 29, 2019) ($8.5 million settlement on behalf of assistant managers); *Jacob v. Duane Reade, Inc.*, No. 11 Civ. 160, 2017 WL 1968383, at *1 (S.D.N.Y. May 5, 2017) ($13.5 million pretrial settlement on behalf of assistant managers); *Douglin, et al. v. Greatbanc Trust Co., Inc.*, No. 14 Civ. 620 (S.D.N.Y. Apr. 24, 2017), ECF No. 103 ($4.75 million settlement in ERISA litigation alleging breach of fiduciary duty); and *Murphy, et al. v. LenderLive Network, Inc.*, No. 13 Civ. 3135 (D. Colo. Sept. 2, 2015), ECF No. 169 ($2.4 million pretrial settlement on behalf of mortgage underwriters in overtime misclassification case).

6. I have been selected as a Rising Star by Super Lawyers from 2015 through 2020 and as a New York Metro Super Lawyer in 2021. I am an active member of the Sedona Conference's Working Group 1 and have participated in drafting Sedona Conference publications on electronic discovery and civil procedure.

7. I graduated from the City University of New York School of Law in 2009, where

I participated in workers' rights litigation through the Immigrant and Refugee Rights Clinic and was a member of the New York City Law Review. Prior to law school, I worked as an organizer for UNITE HERE, an international union representing garment, laundry, and industrial workers in North America. I earned my B.A. in 2001 from Vassar College.

8. The other attorneys at O&G who assisted with the investigation, litigation, and settlement of this matter include:

a. Maya S. Jumper is an Associate at O&G in the firm's Class Action Practice Group. Prior to joining O&G in September 2018, Ms. Jumper served as law clerk to the Hon. Damon J. Keith on the U.S. Court of Appeals for the Sixth Circuit, the Hon. Deborah A. Robinson on the U.S. District Court for the District of Columbia, and the Hon. Eric T. Washington, former chief judge of the District of Columbia Court of Appeals. Prior to serving as a judicial law clerk, Ms. Jumper received her J.D. from American University Washington College of Law in 2015, magna cum laude and Order of the Coif, and her B.A. from the University of North Carolina at Chapel Hill. Ms. Jumper is admitted to practice in the state of New York, the U.S. District Court for the District of Columbia, and the U.S. Court of Appeals for the Sixth Circuit.

b. Theanne Liu is an associate at O&G in the firm's Class Action Practice Group. Prior to joining O&G in July 2021, Ms. Liu was a Litigation Fellow at AARP Foundation in Washington, D.C. Ms. Liu received her J.D. from Washington University in St. Louis School of Law and M.S.W. from the Brown School at Washington University in St. Louis in 2020. Ms. Liu received her B.A., cum laude from Northwestern University in 2016. She is licensed to practice in New York.

**Overview of Investigation, Litigation, and Settlement Negotiations**

9. This settlement resolves claims that share overlapping factual predicates with Plaintiffs Maria Victoria Perez and Kaela R.M Brown's (collectively, "Original Plaintiffs") claims, and were encompassed within the original class definition pled in the first complaint filed in this action.

10. Plaintiff Caroline Whitaker was formerly employed by Defendant Allstate Insurance Company ("Allstate" or "Defendant") as an exempt-classified Dispute Adjuster.

11. Dispute Adjusters were excluded from the June 29, 2018 Joint Agreement of Settlement and Release which resolved Original Plaintiffs' class and collective claims on behalf of a NYLL certified class of 'pending' No-Fault/PIP/Med-Pay adjusters, *see* ECF No. 138, 194-1.

12. Several Dispute Adjusters, including Whitaker, were inadvertently sent notices informing them of the June 2018 Settlement. Correspondence was subsequently sent to these individuals informing them that they could not recover from the original Settlement Fund as they were not 'pending' No-Fault/PIP/Med-Pay adjusters. *See* ECF No. 210, 233.

13. Upon learning that she could not recover from the original June 2018 Settlement Fund, Whitaker contacted Plaintiffs' Counsel seeking to engage Defendant in settlement negotiations related to the resolution of Dispute Adjusters' claims against Allstate.

14. In or about September 2020, Plaintiffs' Counsel, on behalf of Whitaker, and Defendant (together, the "Addendum Parties") initiated negotiations on behalf of the group of 27 Dispute Adjusters who had been excluded from the June 2018 Settlement Agreement ("Dispute Adjuster Collective").

15. In the course of those negotiations, Plaintiffs' Counsel, with Whitaker's

assistance, expended significant time and effort examining and investigating the claims of the Dispute Adjuster Collective.

16. In furtherance of the negotiation efforts, Allstate produced pay and work week data, which Plaintiffs' counsel reviewed to calculate damages for the Dispute Adjuster Collective.

17. On July 9, 2021, the Addendum Parties reached an agreement to resolve the Dispute Adjusters' claims, *see* ECF No. 234, and on August 17, 2021, the Addendum Parties finalized the terms of the agreement.

18. The Parties have retained Rust Consulting, an experienced wage and hour claims administrator, to serve as the Settlement Administrator. The Settlement Administrator's fees, which are estimated to be no more than $3,254.00, will be paid from the Dispute Adjuster Fund.

**The Settlement Is Fair and Should Be Approved**

19. The settlement is the result of contested negotiations, after Plaintiffs' counsel investigated Dispute Adjusters' claims; moreover, the settlement was informed by the years of prior litigation over the claims of pending adjusters, which concerned similar legal issues in a related factual setting.

20. The Dispute Adjuster Fund of $453,609.00 is substantial, especially in light of the considerable risks that Whitaker faced.

21. Plaintiffs' calculations show that the average net Settlement Award will be approximately $11,235.49 (after any Court-approved Service Award and attorneys' fees and expenses are deducted). This amount will increase if any Eligible Dispute Adjuster elects to not cash their Addendum Settlement Check, as unclaimed funds will be redistributed.

22. By Plaintiffs' estimate, this represents between 6% and 37% of the collective

members' lost wages. As described in the Declaration of Justin M. Swartz filed in support of Plaintiffs' prior motion for settlement approval, ECF No. 220 at ¶¶ 50-51, there are various damages assumptions and methods of overtime calculation that can result in different outcomes in an overtime misclassification case like this one, which is the reason for the variation in recovery as a percentage of estimated damages.

23. Dispute Adjusters faced substantial risks to establishing liability and damages. Allstate would argue that Dispute Adjusters were properly classified as exempt under the administrative FLSA exemption (or a combination of exemptions) because their job duties included working on insurance claims that were subject to litigation.

24. For example, Dispute Adjusters' work was often performed in tandem with litigation, and sometimes involved making recommendations to the company about whether to resolve those claims.

25. In 2020, Allstate also instituted a mandatory arbitration policy as a term of employment, requiring all Adjusters to arbitrate any claims related to their employment with Allstate.

**Service Award**

26. Whitaker undertook substantial risk by agreeing to step forward as a representative of other Dispute Adjusters and spent substantial time to advance Dispute Adjusters' claims and to assist Plaintiffs' Counsel in negotiating the settlement.

**Attorney's Fees**

27. Plaintiff's Counsel executed a fee arrangement with Whitaker that entitled Plaintiffs' Counsel to one-third of any recovery, and no fee at all if they were unsuccessful in obtaining a recovery.

28. Plaintiffs' Counsel take on difficult cases like this one because we believe they are important. We take seriously our responsibility to push the law in a direction favorable for employees. We continue to do so despite, unfortunately, having suffered several major (and very expensive) losses in wage and hour cases over the years. Like this case, we believed that each of these cases was meritorious. For example, in *Saleem v. Corporate Transportation Group., Ltd.*, 854 F.3d 131 (2d Cir. 2017), the Second Circuit upheld a grant of summary judgment to the employer in an independent contractor misclassification case where O&G invested $1,841,427.75 in lodestar and spent $133,007.80 in out-of-pocket costs. Similarly, in *Barenboim v. Starbucks Corp.*, 21 N.Y.3d 460 (2013), we lost at the New York Court of Appeals after investing $2,142,764.75 in lodestar and $70,925.40 in out of pocket expenses. And in *Pippins v. KPMG LLP*, No. 11 Civ. 377, 2012 WL 6968332 (S.D.N.Y. Nov. 30, 2012), a professional exemption case on behalf of junior auditors on which O&G was counsel, we lost on summary judgment and on appeal after O&G spent $2,298,699.45 in lodestar. In *Clarke v. JPMorgan Chase Bank, N.A.*, No. 08 Civ. 2400, 2010 WL 1379778 (S.D.N.Y. Mar. 26, 2010), the court granted summary judgment against Plaintiff, holding that IT workers were exempt under the computer professional exemption. O&G, which was one of three co-counsel firms, spent $631,985.00 in lodestar and $15,428.39 in out of pocket expenses. O&G also represented the plaintiffs in *Glatt v. Fox Searchlight Pictures, Inc.*, No. 11 Civ. 6784 (S.D.N.Y.) and *Wang v. Hearst Corp.*, No. 12 Civ. 793 (S.D.N.Y.), among the first unpaid intern lawsuits in the Second Circuit. Both cases were extensively litigated, including on an appeal to the Second Circuit that was decided against the interns. Nonetheless, these cases raised awareness among the general public of the issues surrounding unpaid interns, and spawned dozens of similar lawsuits brought by other firms.

29. O&G has also invested substantial resources in other risky cases that resulted in no recovery for reasons unrelated to the merits. In *LaMarca v. Great Atlantic & Pacific Tea Co.*, the defendants filed for bankruptcy after the firm had invested $2,953,808.95 in lodestar.

30. Attorneys, paralegals, and staff at O&G spent 183 hours working on this matter, which amounts to a lodestar of $82,583.00 using reasonable hourly rates. Plaintiffs' request for $141,996.66 is a multiplier of 1.7 times their lodestar.

31. This time does not reflect the true hours O&G will spend on this case, as attorneys and paralegals will continue to work after the Court approves settlement, including communicating with opt-in Plaintiffs regarding settlement payments and questions.

**Exhibits**

32. Attached as **Exhibit 1** is a true and correct copy of the parties' Addendum to Joint Agreement of Settlement and Release, executed on September 1, 2021, and accompanying exhibit.

\*   \*   \*

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Dated:   September 2, 2021
         New York, New York

*/s/ Michael J. Scimone*
Michael J. Scimone
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000